UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

                                                  21. Cr. 277 (PAE)

ARWA MUTHANA

                         Defendant.

-------------------------------------------------------X

                                                Supplemental Sentencing Memorandum

Christine Delince, Esq.
The Law Offices of Onaodowan & Delince, PLLC.
100 Church Street
8th Floor
NY, NY 10007

Karloff C. Commissiong, Esq.
Adams &Commissiong
65 Broadway, Suite 1603
New York, NY 10006

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Court Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Dear Judge Engelmayer,

Although Arwa Muthana wanted to travel to Yemen with Mr. Bradley, she had no passport, little money, and no real plan. As a result, the Court should not apply the Terrorism Enhancement in this matter. Even if the Court decides to apply the Terrorism Enhancement, the Court should nevertheless impose a sentence of time served in this instance.

Congress, through 18 U.S.C. § 3553(a)(1) has directed that courts consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. However, the Terrorism Enhancement subverts this intent, rendering anyone convicted under a terrorism statute, the equivalent of every violent person convicted under this statue. *See United States v. Jumaev*, No. 12-cr-00033-JLK, 2018 WL 3490886, at *12 (D. Colo. July 18, 2018) ("The requirement to view any terrorist as every terrorist goes against the basic principles of sentencing and the factors set forth in 18 U.S.C. § 3553… [and] would be cruel and unreasonable.")

The government, in its request that this Court sentence Arwa Muthana to at least 180 months in prison, highlights the case of Sajmir Alimehmeti. This Court sentenced Sajmir Alimehmeti to 264 months incarceration, and the government believes that the Court should treat Arwa Muthana in the same manner, although their conduct vastly differed. First, Mr. Alimehmeti "began to hoard knives and other weapons in his Bronx apartment…purchased, among other things, spike knives, a military-style survival knife, a folding knife, a pocket chain saw, a face

mask, handcuffs, and steel-knuckle gloves…" (See Alimehmeti Transcript at p. 13). Additionally, Mr. Alimehmeti threatened specific violence, stating, "that if there were an ISIS compound in Texas, that he would 'brush his teeth there,' the most logical implication, in context, being that he would commit violence there." *See Id*. In comparison, the government's evidence of Arwa Muthana's intent includes: 1) her desire to marry a mujahideen, 2) glorifying acts of violence on social media and 3) an intent to travel to Yemen by cargo ship. In relation to her travel to Yemen, the defense is not aware of any evidence indicating that Arwa Muthana researched how to get from a port in Yemen to an ISIS location. Arwa Muthana's actions and desires do not support the application of the Terrorism Enhancement, nor do they warrant the imposition of a sentence of 180 months. Such a sentence, in this case would be unconscionable.

According to the government, the Terrorism Enhancement represents Congress' view that individuals convicted of terrorism offenses represent a "unique risk of recidivism." (*See*, Govt submission pg. 31).  However, "recent research on terrorist recidivism indicates that there is only a 2.5% probability that first offenders with no prior arrests will have a second conviction…[Further] research reveals parallels to gang membership and suggests that terrorists are similar to gang members in their reasons for associating and disassociating with their respective criminal groups…[and] the shorter a gang member's affiliation with the group, the more easily the individual reintegrates into society following disengagement".[1] Arwa Muthana certainly falls within the class of people who will not recidivate.

Arwa Muthana, as if in a fantasy jumped out of her bedroom window, hoping to be rescued. This is the individual, a woman with no passport, little money, and no real plan, that the

---

[1] Stephen Floyd, Irredeemably Violent and Undeterrable: How Flawed Assumptions Justify a Broad Application of the Terrorism Enhancement, Contradict Sentencing Policy, and Diminish U.S. National Security, The Georgetown Law Journal Online, 142, (2021).

government compared to Sajmir Alimehmeti and insists should be sentenced to 180 months incarceration. We believe, although it is an extraordinary request, that the Court should, in this instance, impose a sentence of time served.

Respectfully Submitted,

_____
/s/ Christine Delince, Esq.

_____
/s/ Karloff Commissiong, Esq.